UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KENNETH WAYNE LEWIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 18-12364-MGM |
| | * | |
| v. | * | |
| | * | |
| | * | |
| WARDEN SPAULDING and UNIT MANAGER N3, | * | |
| | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

November 16, 2018

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

On November 13, 2018, Plaintiff Kenneth Wayne Lewis ("Lewis"), an inmate now in custody at FMC Devens, filed his self-prepared complaint. (Dkt. No. 1, Compl.). With the complaint, Lewis filed an affidavit (Dkt. No. 2, Aff.) and a one-page motion seeking immediate relief. (Dkt. No. 3, Pl.'s TRO).

Plaintiff's *pro se*, seven-page complaint is handwritten and single spaced. Compl. It identifies as defendants Warden Spaulding and Unit Manager-N3. *Id.* The complaint is accompanied by eight pages of exhibits concerning Lewis' criminal sentence and pre-sentence report. *Id.* The complaint contains pages of paragraphs (numbered and unnumbered) covering myriad alleged details of Lewis' conviction, his former incarceration at FCI Ft. Dix, and his conditions of confinement at FMC Devens. *Id.* As best can be gleaned from the complaint, Lewis alleges that (1) he was denied access to the court, (2) he was forcibly transferred from FCI Fort Dix to FMC Devens without court order; (3) he is restricted to a mental unit at FMC Devens; (4) his Inmate Central File at the Federal Bureau of Prisons contains inaccurate information; (5) Warden Spaulding and the Unit Manager fail to answer or respond to Lewis' inmate request forms; and (6)

he is falsely imprisoned under a criminal sentence that that was based upon an inaccurate pre-sentence report. *Id.* Lewis describes his medical condition as consisting of a "leaking valve" and complains that his medical records have been falsified. *Id.* at p. 6. For relief, Lewis seeks, among other things, (1) transfer to a "mental unit" and/or "camp" status; (2) indigent status in order to receive free copies and postage; (3) removal of falsified records from his "central" files; (4) provision of documents to the chief of probation for the Central District of Illinois to allow for Lewis' release; (5) restitution for kidnapping, false imprisonment and mail fraud; and (6) monetary damages. *Id.* p. 6 - 7.

In his motion seeking immediate relief, Lewis represents that because of his heart condition, he wears a LifeVest. Pl.'s TRO. He states that the LifeVest monitors his heart functions daily and that a report should be sent daily. *Id.* He contends that in the event of a medical emergency at night, the staff would be unable to hear him because he is locked in a cell without a functioning intercom system. *Id.* He seeks immediate transfer to "the camp" and again contends that he is falsely imprisoned. *Id.*

For the reasons stated below, Plaintiff's motion for immediate relief is denied without prejudice and he is advised that if he wishes to proceed with this action, he must file an amended complaint accompanied by an application to proceed without prepayment of fees and affidavit with a copy of his prison account statement. The Clerk is directed to send a copy of this Memorandum and Order to Warden Spaulding and legal counsel with a request for a status report to be filed.

## II. DISCUSSION

### A. Filing Fee

As an initial matter, Plaintiff filed this civil action but failed to pay the filing fee or to seek a waiver thereof. A party bringing a civil action must either (1) pay the $350.00 filing fee and the $50.00 administrative fee, *see* 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account

statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

If Plaintiff wishes to proceed with this action, he will be granted additional time either to (1) pay the $400.00 filing and administrative fees; or (2) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement.

      **B.**      **Preliminary Screening of the Complaint**

Under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to screening. Section 1915A authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). In conducting this review, the Court liberally construes the complaint because the Plaintiff is proceeding *pro se. Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

"Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Almonte v. Massachusetts*, No. 14-111865-DJC, 2015 WL 898061, *2 (D. Mass. Feb. 27, 2015). Federal Rule of Civil Procedure 8(d)(1)

imposes the additional pleading requirement that "[e]ach allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1). "The purpose of a clear and distinct pleading is to give defendants fair notice of the claims and their basis as well as to provide an opportunity for a cogent answer and defense." *See Belanger v. BNY Mellon Asset Management, LLC*, No. 15-cv-10198-ADB, 2015 WL 3407827 (D. Mass. May 27, 2015). Where a complaint is written in a "rambling, discursive, essay form," which makes it difficult to understand and respond to, the complaint violates Rule 8 and should be dismissed. *See Belanger*, 2015 WL 3407827 at *1 (dismissing complaint that failed to meet the Rule 8 pleading standard); *Youngworth v. Gentile*, No. 05-30108-MAP, 2006 WL 516757, *4-5 (D. Mass. Feb. 27, 2006) (same).

While the Court must construe a *pro se* litigant's pleading liberally, "*pro se* plaintiffs, like all other plaintiffs, must comply with the Federal Rules of Civil Procedure." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). A *pro se* litigant's obligation to comply with the Federal Rules of Civil Procedure includes the requirement that a complaint complies with the "short and plain statement" requirement." *See Koplow v. Watson*, 751 F. Supp.2d 317 (D. Mass. 2010) (dismissing *pro se* complaint for failing to comply with Rule 8).

Here, Plaintiff's complaint fails to comply with Rule 8's requirements that the pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and that the complaint contain allegations that are "simple, concise and direct." The complaint contains wide-ranging, unrelated allegations concerning the Federal Bureau of Prisons, the sentencing judge in his criminal case and the staff at FMC Devens. He has not set forth a short and plain statement of single, concise and direct allegations against Warden Spaulding and the Unit Manager that would permit them to intelligently respond to the complaint. *See Zuckerman v. McDonald's Corp.*, No. 95-30044-MAP, 1995 WL 631819, *1 (D. Mass. 1995 (dismissing complaint pursuant to Rule 8 because it was "presented in a rambling, discursive essay form" with a "degree of prolixity and surplusage . . . [that] make it hard for any defendant fairly to admit or deny the allegations set forth"); *Newman v. Commonwealth of Mass.*, 115 F.R.D. 341, 344 (D. Mass. 1987) (dismissing

complaint pursuant to Rule 8 having found that the complaint was not "short and plain" and that complaint contained such unnecessary detail as to render defendants' task in answering unnecessarily difficult).

Finally, to the extent Lewis seeks to have this Court review the sentence entered in his criminal case, such a challenge must be brought in the sentencing court under 28 U.S.C. § 2255. This is generally true because Section 2255 prohibits a district court from entertaining a habeas challenge to a prisoner's federal sentence through petition for a writ of habeas corpus under 28 U.S.C. § 2241 unless the remedy under Section 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e).

### C. Plaintiff's Motion for Immediate Relief

The Court will not construe Plaintiff's motion for immediate relief as a request for a preliminary injunction because preliminary injunctions may not be issued without notice to the adverse party, and the complaint has not been served on the defendant. *See* Fed. R. Civ. P. 65(a)(1). To the extent Plaintiff seeks an *ex parte* temporary restraining order, such relief may be sought pursuant to Fed. R. Civ. P. 65(b).

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days. Fed R. Civ. P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Even where a plaintiff makes a showing of "immediate and irreparable" injury, the Court cannot issue a TRO without notice to the adverse parties unless the plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). The Court notes that there is no certification in writing of any effort Lewis has made to provide at least informal notice to the Defendants and no details as to the reasons why such notice should not be required in view of an immediate and irreparable need for injunctive relief. *See* Fed. R. Civ P. 65(a)(1).

In addition to notice to the adverse parties, motions for injunctive relief must be accompanied by a memorandum in support addressing the four requirements for injunctive relief: "(1) a substantial likelihood

of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *Nieves-Marquez v. Puerto Rico*, 353 F. 3d 108, 120 (1st Cir. 2003). In order to secure injunctive relief, Lewis must establish that he is likely to succeed on a claim that "the defendants' actions amounted to 'deliberate indifference to a serious medical need.'" *DesRosiers v. Moran*, 949 F.2d 15, 18 (1st Cir. 1991) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). This he has not done.

Because the Court finds that Lewis has not shown a reasonable likelihood of success on the merits, the Court does not need to reach the other factors in determining whether to issue a temporary restraining order. *Sindicato Puertorriqueno de Trabajadores v. Fortuno*, 699 F.3d 1, 10 (1st Cir. 2012). Based on the allegations in the complaint and emergency motion, it would not be appropriate to enter an order for this drastic form of relief at this time. Although the Court takes very seriously Lewis' description of lack of access to overnight staff, the Court does not deem it appropriate to order a transfer without first considering the response of the defendants.

### D.     Filing of a Status Report

Notwithstanding the denial of Lewis' motion for immediate relief, the Court takes very seriously Lewis' description of his lack of access to overnight staff in the event of a medical emergency. Accordingly, it is hereby Ordered that the Clerk shall send a copy of this Memorandum and Order to Warden Spaulding and legal counsel at FMC Devens, with a request that counsel provide this Court with a Status Report with respect to the Lewis' medical safety issue as soon as reasonably practicable and, in any event, within fourteen (14) days of this Memorandum and Order.[1]

### III. CONCLUSION

For the reasons set forth above, it is hereby

---

[1] Defendants are not required to disclose confidential medical information about Lewis absent his permission to do so, and any disclosures which are made shall be made under seal.

ORDERED, Plaintiff's Motion for TRO (Dkt. No. 3) is Denied without prejudice; and it is further

ORDERED, within 42 days of this Memorandum and Order, Plaintiff shall (1) file an Amended Complaint that cures the pleading deficiencies noted above and (2) either shall (i) pay the $400.00 filing and administrative fees; or (ii) file an application to proceed in forma pauperis accompanied by a certified prison account statement. Failure of the Plaintiff to comply with these directives may result in the dismissal of this action; and it is further

ORDERED, the Clerk shall send a copy of this Memorandum and Order to Warden Spaulding and legal counsel at the Consolidated Legal Center for FMC Devens, with the directive that a Status Report is to be filed within fourteen (14) days of the date of this Memorandum and Order.

It is So Ordered.

  /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge